UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID ALLEN CROSS | § | |
| | § | |
| v. | § | C.A. NO. C-03-423 |
| | § | |
| TDCJ-CID, ET AL. | § | |

**ORDER DENYING PLAINTIFF'S**
**MOTION FOR A PRELIMINARY INJUNCTION**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.  Pending is plaintiff's motion for a temporary restraining order or a preliminary injunction.  (D.E. 50).

**I. JURISDICTION**

Jurisdiction in this action is based on federal question under 28 U.S.C. § 1331.

**II. BACKGROUND**

Plaintiff, a Texas state prisoner proceeding *pro se*, filed this civil rights action on October 15, 2003, alleging failure to protect claims against certain McConnell Unit officers and officials.  Specifically, he is suing TDCJ-CID Director Doug Dretkek, Warden Thomas Prasifka, Assistant Warden Eileen Kennedy, Classification Supervisor Mary Gonzales, and Countroom Supervisor Stacey

Alcorta. A Spears[1] hearing was held on January 14, 2004, at which plaintiff provided more details about his claims. The following allegations were made in plaintiff's original complaint or at the hearing.

Plaintiff alleges that, on July 29, 2003, Ms. Alcorta transferred him to a cell with inmate Salomon Lopez. He alleges that Mr. Lopez is racially restricted because he has previously stabbed two of his cell mates who were African-American. He further alleges that, at the time of the transfer, he informed Officer Moreno that he and Mr. Lopez were enemies and could not be housed together. According to plaintiff, in 2001, he was involved in an "altercation" with Mr. Lopez's associates.

Plaintiff was placed in lock-up and a disciplinary case was brought against him for failing to move into the cell with Mr. Lopez. He was not offered alternative housing, which he alleges violates TDCJ policy.

Upon plaintiff's release from lock-up on August 6, 2003, Ms. Alcorta again assigned him to be housed with Mr. Lopez. This time, Mr. Lopez refused to be housed with plaintiff, and plaintiff was returned to lock-up. On September 23, 2003, Ms. Alcorta assigned him to be housed with inmate Donald Myrick. Mr. Myrick informed plaintff and one of the prison guards that he was restricted from having African-American cell mates. According to plaintiff, in 1991, Mr. Myrick set an African-American cell mate on fire.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

Plaintiff alleges that, on August 22, 2003, the wardens, Ms. Gonzales, and the gang intelligence officer were notified that plaintiff had several enemies at the McConnell Unit. He and the gang intelligence officer informed the warden that several of those enemies were planning to attack plaintiff. According to plaintiff, an inmate was given a knife and told to stab him. He further alleges that he has had to protect himself on more than one occasion by drawing a weapon because Ms. Gonzales has refused to take action or transfer plaintiff to another unit.

On August 25, 2003, plaintiff appeared before a classification committee and was placed on transit status pending an investigation by the gang intelligence officer. He alleges that the gang intelligence officer recommended that he be transferred to another unit. Assistant Warden Castillo concurred and their recommendation was forwarded to the chairman of state classification who denied the transfer.

Plaintiff alleges that he fears for his safety and suffers from mental anguish and torture, deep grief, distress, anxiety, and fright.

### III. DISCUSSION

Plaintiff's pending motion involves his July 5, 2005 placement in a program at the Clements Unit. Specifically, the program involves psychiatric treatment. He alleges that the program is punitive and violates his constitutional rights. He further asserts that his placement in the program interferes with his access to the courts by

denying him law library books, obstructing his legal mail, and retaliating against him for pursuing legal claims.

To obtain a preliminary injunction under Rule 65(a) of the Federal Rules of Civil Procedure, the applicant must demonstrate: "(1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 285 (5th Cir. 1999) (per curiam). Injunctive relief is an extraordinary remedy which requires the applicant to unequivocally show the need for its issuance. Valley v. Rapides Parish Sch. Bd., 118 F.3d 1047, 1050 (5th Cir. 1997).

Plaintiff's motion fails to warrant such an extraordinary remedy. First, the requested injunction is directed in part at persons who are not defendants in this case, and over whom the court has no jurisdiction in this action. Moreover, it concerns claims that have not been pleaded or screened pursuant to 28 U.S.C. § 1915A. Finally, although plaintiff alleges that prison officials are hindering his ability to prosecute his various lawsuits, there is no evidence that plaintiff has been hindered in *this* action. He has researched case law and filed this motion.

To allege a claim for denial of right of access to the courts, plaintiff must

show that he has suffered an "actual injury" concerning a pending case.  See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis v. Casey, 518 U.S. 343, 351-54 (1996)).   Plaintiff's current allegations do not give any indication of "actual injury."  Thus, he fails to show that he has a likelihood of success on such a claim, if it were properly pleaded, or that there is a threat of irreparable injury.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's motion for injunctive relief, (D.E. 50), is hereby DENIED.

Respectfully submitted this 28th day of November 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE