IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID ALLEN CROSS | § | |
|     TDCJ-CID #675454 | § | |
| | § | |
| V. | § | C.A. NO. C-03-423 |
| | § | |
| TDCJ-CID DIRECTOR, ET AL. | § | |

**ORDER DENYING DEFENDANTS' EMERGENCY
MOTION TO STAY AND TO DISMISS FOR RES JUDICATA**

This civil rights case is set for trial on February 1, 2006. (D.E. 49). On January 20, 2006, defendants filed an emergency motion for stay and to dismiss for res judicata, arguing that the claims to be adjudicated in the instant action were previously adjudicated in another proceeding, C-04-108. (D.E. 57). For the reasons state herein, defendants' motion is denied.

*Failure to protect allegations.*

According to plaintiff, on July 29, 2003, he was assigned to be housed with offender Salomon Lopez, a racially-restricted inmate who had previously stabbed two of his African-American cell-mates. Plaintiff refused the housing, and was given a disciplinary case and placed in lock-up. On August 6, 2003, he was again assigned to be housed with offender Lopez. Plaintiff refused, and he was returned to lock-up. Thereafter, plaintiff met with gang intelligence officers and told them that he had several enemies at the McConnell Unit and was in fear for his life. In fact, he told officials that he had been forced to arm himself and to display his weapon on one occasion. On August 25, 2003, plaintiff appeared before a Unit Classification Committee and was placed on transit status pending an investigation of his claims by a gang intelligence officer. However, on September 23, 2003, he was assigned to be housed with another racially restricted inmate, Donald Myrick, who had set an African-American cell-mate on fire. Plaintiff filed this

action on October 15, 2003, stating that he was in fear for his life and seeking a transfer off the McConnell Unit.

Magistrate Judge Jane Cooper-Hill recommended that plaintiff's claims be dismissed for failure to exhaust administrative remedies or in the alternative, failure to state a claim. (D.E. 17). The Court declined to adopt the recommendation noting that a prisoner "'does not have to await the consummation of threatened injury to obtain preventive relief.'" See (D.E. 18 at 7) (quoting Farmer v. Brennan, 511 U.S. 825, 845 (1994)). Service was ordered on defendants. (D.E.19).

On March 31, 2004, plaintiff filed a motion for a temporary restraining order complaining that the defendants and their subordinates were now harassing him in retaliation for his filing this lawsuit. (D.E. 24). In recommending that plaintiff's temporary restraining order motion be denied, Judge Cooper-Hill stated:

> To the extent plaintiff is asserting a separate retaliation claim against these McConnell Unit employees, plaintiff's claim is more properly brought in a separate civil rights action, after exhaustion of available administrative remedies.

(D.E. 24 at 3). On June 8, 2004, the Court adopted the temporary restraining order recommendation. (D.E. 32).

*Claims in C.A. No. 04-108.*

In Civil Action C-04-108, plaintiff raised claims of retaliation against two of the defendants named in this action: Eileen Kennedy and Stacey Alcorta. In evaluating plaintiff's retaliation claims in the context of defendants' motion for summary judgment, the magistrate judge found that the chronology of events complained of did not support a retaliation claim against either of these defendants. See C-04-108 at D.E. 55. In addition, the magistrate judge found no evidence of retaliation because the record revealed that plaintiff's life in danger complaints, filed in August

2003 and June 2004, had been investigated. These findings were adopted by the district court judge.

### *Discussion.*

Defendants attempt to equate the magistrate judge's finding of no basis for retaliation in C-04-108 as a determination that plaintiff's life in danger claims were adequately investigated such that his failure to protect claims against the named defendants in this action have effectively been adjudicated and should be dismissed. The undersigned magistrate judge declines to apply the findings in C-04-108 to such a broad extent. In C-04-108, the chronology of events and plaintiff's housing assignments were examined to determine if any of the defendants in that case had retaliated against plaintiff for filing grievances or this lawsuit. The evidence was not examined in the context of plaintiff's failure to protect claims, and no findings were made as to the conduct of the defendants in this action regarding those failure to protect claims.

Moreover, the Court is mindful that plaintiff is proceeding *pro se*. The fact that plaintiff might have attempted to raise similar claims in the second lawsuit is not a basis for dismissing his claims. Finally, plaintiff was effectively instructed that he must pursue his retaliation claims in a separate proceeding, and not in this action. To adjudicate plaintiff's failure to protect claims in that lawsuit would effectively penalize plaintiff for following court orders.

For these reasons, defendants' emergency motion for stay and to dismiss for res judicata, (D.E. 57), is denied. This case shall proceed with the January 31, 2006 pretrial conference and

February 1, 2006, trial date.

    ORDERED this 24th day of January 2006.

                                                     BRIAN L. OWSLEY
                                                     UNITED STATES MAGISTRATE JUDGE